[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11660
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-60791-RSR

TERESA TAYLOR,

Plaintiff-Appellant,

versus

JEANETTE RANDOLPH,
11129,
LATONYA PHILIPS,
12523,
JUDGE M. KAPLAN,
JUDGE R. FEREN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2014)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Teresa Taylor, a *pro se* litigant, appeals from the district court's *sua sponte* orders dismissing her 42 U.S.C. § 1983 complaint raising claims against Judge M. Kaplan, Judge R. Feren, Jeanette Randolph, and Latonya Philips.  Dismissals were for lack of subject-matter jurisdiction or for failure to state a claim.

This case touches on family law, and domestic violence, and state court orders.   Taylor claims that she and her child's fundamental rights were violated based on child-custody proceedings and child well-being decisions made by Judge Feren and Judge Kaplan and by Broward Sheriff's Office and Child Protective Service employees, Jeanette Randolph and Latonya Philips.  On appeal, Taylor argues that the Supremacy Clause of the United States Constitution should apply and that the district court erred by dismissing her claims against the judges.  Taylor also argues that the district court erred in dismissing her 42 U.S.C. § 1983 complaint against Randolph and Philips for failure to state a claim.   The dismissals were made by means of a written opinion, setting out reasons and authorities.  We see no reversible error.

We review a dismissal for lack of subject-matter jurisdiction *de novo*. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  We also review a dismissal for failure to state a claim *de novo*.  *Timpson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

The *Rooker-Feldman* doctrine[*] provides that federal courts, other than the United States Supreme Court, lack subject-matter jurisdiction to review final judgments of state courts.  *Liedel v. Juvenile Court of Madison Cnty.*, 891 F.2d 1542, 1545 (11th Cir. 1990).  Furthermore, federal courts "may not decide federal issues that are 'inextricably intertwined' with a state court's judgment."  *Id.*

We have applied *Rooker-Feldman* specifically to bar district courts from reviewing judgments in child-custody proceedings.  *See Goodman v. Sipos*, 259 F.3d 1327, 1332-33 (11th Cir. 2001) (noting that *Rooker-Feldman* clearly applied where injunction of state child-custody actions was sought and also where damages were sought for matters intertwined with state court custody actions).  We have also determined those officers and other government personnel acting pursuant to, or in concert with, child-custody or child well-being proceedings fall within the *Rooker-Feldman* doctrine because their acts are inextricably intertwined with state court judgments.  *See id.*, 259 F.3d at 1334.

---

[*] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).

We affirm the district court's dismissal of Taylor's claims for lack of subject-matter jurisdiction.  Taylor essentially argues that Judges Feren and Kaplan acted improperly when making rulings about child-custody and child-protection orders.  She further argues that Philips's and Randolph's visits to her home to check on her child's well-being were improper.  The district court correctly concluded that it lacked subject-matter jurisdiction over the protection orders because a ruling would constitute direct interference with final state-court judgments.  If Philips's and Randolph's visits were made pursuant to court order, the district court correctly concluded that it lacked subject-matter jurisdiction over the visits: any ruling would constitute interference with the state-court custody and well-being determinations.  If Randolph and Philips acted independently of the state-court custody proceedings, the district court correctly dismissed Taylor's complaint for failure to state a claim against defendants Randolph and Philips.

We will dismiss a case for failure to state a claim if the complaint on its face fails to put forth sufficient factual matter and legal basis for the court to draw a reasonable inference that the defendant is liable.  *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).  Bare factual allegations that a defendant has acted in a harmful manner or formulaic recitation of legal elements are not enough.  *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50.  We construe *pro*

4

*se* pleadings liberally, but we will not act as counsel for any party. *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662, 129 S.Ct. 1937. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotations omitted).

We affirm the dismissal of the complaint against Randolph and Philips for failure to state a claim. The complaint was a narrative about Randolph's and Philips's acts that provided no indication Taylor was entitled to relief. Taylor's later filings assert the same facts accompanied by a long listing of constitutional amendments. Although we construe liberally *pro se* complaints, we cannot conclude that a claim exists from this bare list of facts or laws.

**AFFIRMED.**

5